## Cole v. Fuhse

*Eli T. Conner*, for plaintiff.

*Karl A. Wagner* and *Russell L. Mervine*, for claimants.

DAVIS, P. J., January 19, 1948.—This matter comes before the court on rule to show cause why the sheriff of Pike County should not proceed with the execution and sale of personal property.

On August 9, 1947, the sheriff levied on certain personal property pursuant to an execution issued on a

judgment against Otto Fuhse. According to the averments of the sheriff's petition for interpleader, at the time of the levy Margaret Fuhse claimed the goods levied upon. On August 11, 1947, Otto Fuhse, Jr. gave written notice to the sheriff that the property levied upon belonged to him. On August 22, 1947, the sheriff presented his petition to court asking for a rule to show cause why an issue should not be framed to determine the ownership of the goods levied upon. The rule was granted, returnable to September 15, 1947, and it was ordered that notice of the rule be given to Blace Cole, plaintiff, Otto Fuhse, defendant, Margaret Fuhse and Otto Fuhse, Jr., claimants.

On September 15, 1947, on motion of plaintiff, the rule was made absolute, no appearances having been entered or answers filed. On the same day, but subsequent to the making of the rule absolute, Otto Fuhse, Jr., claimant, filed his answer. On October 3, 1947, upon petition of plaintiff, a rule was granted to show cause why the sheriff should not proceed with the execution. On October 14, 1947, Otto Fuhse, Jr., claimant, filed his answer to the rule issued to show cause why the sheriff should not proceed. On the same date claimant, Otto Fuhse Jr., filed his petition asking for a rule to show cause why he should not be permitted to file his own bond and statement of title nunc pro tunc. On this state of the record the matter came before the court for argument.

It is clear that the order making absolute the rule for interpleader was improvidently made. Claimant had the entire day of September 15th in which to file his answer and did file his answer on the afternoon of September 15, 1947. Claimant should not and did not lose his rights under the statute by reason of the making of the rule absolute prematurely.

The Sheriff's Interpleader Act of June 22, 1931, P. L. 883, 12 PS §2358, provides that a preliminary

hearing shall be held on the rule to determine the right of the sheriff or claimant to have an interpleader. Under certain conditions the hearing may be dispensed with when claimant enters the rule, but in this case the sheriff entered the rule and under the facts we believe it mandatory that a preliminary hearing be held unless waived by the parties in interest.

Therefore, we shall strike off the order of the court making the rule absolute. We shall also discharge the rule entered by plaintiff October 3, 1947, to show cause why the plaintiff should not proceed, together with the rule entered by claimant, Otto Fuhse, Jr., to show cause why he should not be permitted to file his own bond and statement of title nunc pro tunc.

The Interpleader Act provides that notice of the rule shall be given to plaintiff as well as other parties set forth in the act, and that if either plaintiff or the other parties therein mentioned fails to show cause why an issue should be framed, such failure shall be considered an abandonment of his claim as respects said execution or process on the goods or chattels claimed. Service of the rule for interpleader was not made on plaintiff nor did plaintiff file an answer, although plaintiff was apparently familiar with the procedure since he made the motion to have the rule made absolute. We will give the parties an opportunity to correct this defect.

And now, to wit, January 19, 1948, the order of the court entered September 15, 1947, making absolute the rule to show cause why an issue should not be framed to determine the ownership of the goods and chattels in question is revoked, and the rule entered October 3, 1947, to show cause why the sheriff should not proceed, as well as the rule entered October 14, 1947, to show cause why Otto Fuhse, Jr., should not be permitted to file his own bond and statement of title nunc pro tunc are discharged. The sheriff is directed to make service of the rule for interpleader on plaintiff, Blace Cole, in accordance with the order entered August 22, 1947,

and said plaintiff is hereby allowed 10 days after the service of the said rule within which to answer if he so desires. Costs to abide the final determination of the action.